UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

SACHA SMITH AND KENNY SMITH,

Plaintiffs

v.

MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA, L.L.C., PHARMACIA, INC., and PHARMACIA CORP.,

Defendants

Case No. 2:24-CV-74

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC ("Defendants"),[1] by and through their undersigned counsel, submit the following answer and affirmative defenses to Plaintiffs' Complaint ("Complaint").[2]

1.    Defendants state that the Complaint speaks for itself.

**NATURE OF THE ACTION**

2.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of paragraph 2 and thus deny on that basis. Defendants deny the remaining allegations in

---

[1]    Old Monsanto is the former Monsanto Company (n/k/a Pharmacia LLC) that manufactured and sold PCBs from 1935 to 1977. The PCB business was "spun-off" to Solutia in 1997. The current Monsanto Company (sometimes referred to as "New Monsanto") first came into existence in 2000. Neither Solutia nor the current Monsanto Company ever manufactured or sold PCBs. *See* Defendants' answers to paragraphs 11 through 18 below concerning the corporate history of the current Monsanto Company, Solutia Inc., and Pharmacia LLC. Further, Pharmacia Inc. and Pharmacia Corp., as named in the Complaint, do not exist. To the extent Pharmacia Inc. and Pharmacia Corp. are deemed to be properly named as Defendants, they join in this filing.

[2]    Defendants expressly deny all allegations and legal argument not set forth in numbered paragraphs in the Complaint, including all headings and subheadings.

paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      Defendants lack sufficient information to admit or deny the allegations in paragraph 4 and thus deny on that basis.

5.      Defendants lack sufficient information to admit or deny the allegations in paragraph 5 and thus deny on that basis.

6.      Defendants admit that the former Monsanto Company ("Old Monsanto") commenced manufacturing PCBs in approximately 1935 after acquisition of the Swann Chemical Company; that in the early 1970s, Old Monsanto began a program of voluntarily terminating sales of PCBs other than in electrical equipment applications; and that in 1977 Old Monsanto ceased all commercial manufacturing of PCBs. Except as expressly admitted, Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9.

**PARTIES**

10.     Defendants lack sufficient information to admit or deny the allegations in paragraph 10 and thus deny on that basis.

11.     Defendants admit that Monsanto Company is a corporation organized under the laws of Delaware with its principal place of business in Missouri. Defendants further admit that the original Monsanto Company, "Old Monsanto" (n/k/a Pharmacia), once operated agricultural, chemical, and pharmaceutical businesses, that the chemicals business was spun-off to Solutia in 1997, that since 2000 the present/current Monsanto Company has operated the agricultural

business, and that Pharmacia retained the pharmaceutical business. The remaining allegations in paragraph 11 constitute legal conclusions or argument and, therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 11.

12.     Defendants admit that Solutia Inc. ("Solutia") is a corporation organized under the laws of Delaware with its principal place of business in Missouri. The remaining allegations in paragraph 12 constitute legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 12.

13.     Defendants admit that Pharmacia LLC ("Pharmacia") was formerly known as Pharmacia Corporation, is a Delaware limited liability company, and is a citizen of the states of New York and Delaware. Defendants admit that the original Monsanto Company ("Old Monsanto") is now known as Pharmacia. The sole member of Pharmacia LLC is Wyeth Holdings LLC. The sole member of Wyeth Holdings LLC is Anacor Pharmaceuticals, Inc., which is incorporated under the laws of Delaware with its principal place of business in New York. Anacor Pharmaceuticals, Inc., in turn, is indirectly wholly owned by Pfizer, Inc., but Defendants state that Pfizer, Inc., Anacor Pharmaceuticals, Inc., and Pharmacia are and have remained separate and distinct entities. Defendants deny all remaining allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit that Monsanto, Solutia, and Pharmacia have entered into certain complex corporate transactions and agreements, which determine their respective legal and/or financial responsibilities, if any, for claims arising from Old Monsanto's manufacture and sale of PCBs, the terms of which speak for themselves; thus, no further answer is required. Defendants deny all remaining allegations of paragraph 16.

17.    Defendants admit that Monsanto, Solutia, and Pharmacia have entered into certain complex corporate transactions and agreements, which determine their respective legal and/or financial responsibilities, if any, for claims arising from Old Monsanto's manufacture and sale of PCBs, the terms of which speak for themselves; thus, no further answer is required. Defendants deny all remaining allegations of paragraph 17.

18.    Defendants admit that Solutia filed a bankruptcy petition in 2003 and ultimately emerged from bankruptcy in 2008. The rights and responsibilities of the parties to the transaction are detailed in various, complex corporate transactional and legal documents publicly and otherwise available to Plaintiffs, the terms of which speak for themselves; thus, no further answer is required. Defendants deny all remaining allegations in paragraph 18.

## JURISDICTION AND VENUE

19.    Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 19.

20.    Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 20.

21.    Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 21.

22.    Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 22.

23.    Paragraph 23 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 23.

24.    Paragraph 24 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 24.

## BACKGROUND[3]

25.    Defendants admit that PCBs are a class of chlorinated organic chemical compounds comprised of different numbers of chlorine atoms attached to a biphenyl. Defendants admit that PCBs are generally odorless and tasteless and can range in consistency. Except as expressly admitted, Defendants deny the allegations in paragraph 25.

26.    Defendants deny the characterization of PCBs in the first sentence of paragraph 26. Defendants admit that the class of chemical compounds referred to as PCBs comprise the potential for 209 different chemical compounds, which are separately identified by number (*e.g.*, PCB 180, PCB 118, PCB 153, etc.). Each individual PCB compound is known as a "congener." Except as expressly admitted, Defendants deny the allegations of paragraph 26.

27.    Defendants deny the allegations of paragraph 27.

28.    Plaintiffs attempt to characterize/quote a purported regulation, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants admit that a trade name for PCBs and certain non-PCB products was "Aroclor." Defendants deny all remaining allegations of paragraph 28.

29.    Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore, no response is required. To the extent a response is required, Defendants lack sufficient information with which to admit or deny the allegations in paragraph 29, and thus deny on that basis.

---

[3] Plaintiffs cite and refer to numerous documents that are not attached to or included as exhibits to the Complaint, and many of which are only referenced by year of publication. Plaintiffs also routinely purport to characterize a publication that itself purports to characterize various other documents. Defendants issue a general denial with respect to Plaintiffs' attempts herein to quote and/or characterize any publication, memorandum, report, or other communication.

30.     Plaintiffs attempt to characterize/quote a purported excerpt from a legal source, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 30 and further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

31.     Plaintiffs attempt to characterize/quote a purported law review article, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 31.

32.     Plaintiffs attempt to characterize/quote a purported regulation, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 32.

33.     Plaintiffs attempt to characterize/quote purported publications and regulations, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33 and further state that any reference to the toxicity of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

34.     Plaintiffs attempt to characterize/quote purported publications and legal sources, which speak for themselves, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 34. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

35.     Plaintiffs attempt to characterize/quote a purported legal source, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny

6

the allegations in paragraph 35. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

36.     Plaintiffs attempt to characterize/quote a purported legal source, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 36.

37.     Plaintiffs attempt to characterize/quote the Federal Register, which speaks for itself, and, therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 37. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

38.     Plaintiffs attempt to characterize a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 38.

39.     Plaintiffs attempt to characterize/quote a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 39.

40.     Plaintiffs attempt to characterize/quote a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 40. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

41.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 41.

42.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 43.

44.     Plaintiffs attempt to characterize a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 44.

45.     Plaintiffs attempt to characterize a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 45.

46.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required,

Defendants deny the allegations in paragraph 48.

49.    Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.    Plaintiffs attempt to summarize/quote from an unidentified document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 50. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

51.    Plaintiffs attempt to summarize/quote from an unidentified document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants admit that Old Monsanto was a member of the Manufacturing Chemists' Association. Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52.    Plaintiffs attempt to summarize/quote from an unidentified document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

53.    Defendants deny the allegations in paragraph 53.

54.    Plaintiffs attempt to characterize/quote a purported publication that purports to characterize a separate memorandum. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 54 and state that the characterization of the memorandum is inaccurate, misleading, and

self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

55.    Plaintiffs attempt to characterize/quote a purported publication that purports to characterize a separate memorandum. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 55 and state that the characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

56.    The allegations in paragraph 56 purport to characterize/quote a memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 56 and state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

57.    Plaintiffs attempt to characterize/quote a purported publication that purports to characterize a separate memorandum. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 57 and further state that the characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

58.     Plaintiffs attempt to characterize/quote a purported memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 58 and further state that the characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

59.     Plaintiffs attempt to characterize/quote a purported publication that purports to characterize a separate memorandum. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 59 and state that Plaintiffs' characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

60.     The allegations in paragraph 60 purport to characterize/quote documents, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 60 and state that Plaintiffs' characterization of the documents is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

61.     The allegations in paragraph 61 purport to characterize/quote multiple documents, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 61 and state that Plaintiffs' characterization

of the documents is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

62.     The allegations in paragraph 62 purport to characterize/quote a letter, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 62 and state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

63.     The allegations in paragraph 63 are legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 63.

64.     Plaintiffs attempt to characterize/quote a purported publication, which purports to characterize several other documents. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 64 and further state that Plaintiffs' characterization of the documents is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

65.     Plaintiffs attempt to characterize purported publications, one of which purports to characterize a separate study. These documents speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 65 and further state that Plaintiffs' characterization of the documents is inaccurate, misleading, and self-

serving.

66.     Plaintiffs attempt to characterize a purported article, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 66 and further state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving.

67.     Plaintiffs attempt to characterize/quote a purported memorandum and a study referenced in the purported memorandum. The documents speak for themselves and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 67 and state that Plaintiffs' characterization of the documents is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

68.     Plaintiffs attempt to characterize a memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants admit that an "Ad Hoc Committee" was formed but deny all remaining allegations in paragraph 68 and state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

69.     Plaintiffs attempt to characterize/quote meeting minutes, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 69 and further state that Plaintiffs' characterization of the minutes is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

70.     Paragraph 70 purports to characterize/quote a memorandum, which speaks for itself and, therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 70 and further state that Plaintiffs' characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

71.     Defendants admit that Old Monsanto's domestic PCB production peaked in 1970 and that most of those sold in the U.S. for domestic use were used in closed electrical applications deemed necessary by the federal government to maintain the security of the nation's power grid. Old Monsanto began a program to voluntarily terminate sales of PCBs for all uses other than in electrical equipment applications in the early 1970s. Defendants deny all remaining allegations in paragraph 71.

72.     Plaintiffs attempt to quote/characterize a memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 72 and state that Plaintiffs' characterization of the memorandum is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

73.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 73 and thus deny on that basis. The remainder of paragraph 73 purports to characterize/quote a memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 73 and further state that Plaintiffs' characterization of the memorandum is inaccurate, misleading, and

self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

74.     Defendants deny the allegations in the first sentence of paragraph 74. The remainder of paragraph 74 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 74 and state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

75.     The allegations in paragraph 75 purport to characterize/quote meeting minutes, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 75 and further state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

76.     Plaintiffs attempt to characterize/quote a report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 76 and further state that Plaintiffs' characterization of the report is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

77.     Plaintiffs attempt to characterize/quote a report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the

allegations in paragraph 77 and further state that Plaintiffs' characterization of the report is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

78.    Plaintiffs attempt to characterize/quote a report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 78 and further state that Plaintiffs' characterization of the report is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants deny the allegations in paragraph 80. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

81.    Defendants deny the allegations in the first sentence and last sentence of paragraph 81. For the remaining allegations in paragraph 81, Plaintiffs attempt to characterize/quote a memorandum, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 81 and further state that Plaintiffs' characterization of the document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

82.    The allegations in paragraph 82 are legal argument to which no response is required. To the extent a response is required, the allegations in paragraph 82 are denied and Defendants further state that Plaintiffs' characterization of the referenced document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context.

83.    Plaintiffs attempt to characterize/quote a purported legal decision, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants admit that PCBs were sold in bulk to sophisticated entities and that chemical companies, electrical equipment manufacturers, and other manufacturers, which were aware of the chemical and physical properties of PCBs, were among them. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose. Defendants deny all remaining allegations in paragraph 83.

84.    Plaintiffs attempt to characterize/quote a purported legal decision, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 84. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

85.    Plaintiffs attempt to characterize/quote a purported legal decision, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 85. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

86.    Defendants deny the allegations in paragraph 86. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

87.    Defendants deny the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to

the nature and extent of exposure and dose.

89.    Defendants deny the allegations in paragraph 89. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

90.    Defendants deny the allegations in paragraph 90. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

91.    Defendants deny the allegations in paragraph 91.

92.    Plaintiffs attempt to characterize various unidentified studies, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants admit that PCBs were sold in bulk to sophisticated entities and that chemical companies, electrical equipment manufacturers, and other manufacturers, which were aware of the chemical and physical properties of PCBs, were among them. Defendants deny all remaining allegations in paragraph 92.

93.    Defendants admit that PCBs were sold in bulk to sophisticated entities and that chemical companies, electrical equipment manufacturers, and other manufacturers, which were aware of the chemical and physical properties of PCBs, were among them. Defendants lack sufficient information to admit or deny all remaining allegations in paragraph 93 and thus deny on that basis.

94.    Plaintiffs attempt to characterize a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 94.

95.     Plaintiffs attempt to characterize a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 95.

96.     Plaintiffs attempt to characterize/quote a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 96.

97.     Defendants admit the allegations in paragraph 97.

98.     Plaintiffs attempt to characterize/quote a purported ATSDR publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 98.

99.     Plaintiffs attempt to characterize/quote a purported ATSDR publication and legal sources, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 99 and further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

100.    Plaintiffs attempt to characterize/quote a purported EPA publication, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 100.

101.    Plaintiffs attempt to characterize/quote a purported statement, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 101 and state that Plaintiffs' characterization of the referenced document is inaccurate, misleading, and self-serving and the limited quotes handpicked by Plaintiffs are incomplete and presented out-of-context. Defendants further state that any reference

19

to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in the first two sentences of paragraph 103. The remainder of the allegations in paragraph 103 are legal argument and therefore no response is required. To the extent a response is required, the allegations are overbroad, generic, non-specific, hypothetical, and vague and Defendants deny on that basis. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

104.    Defendants deny the allegations in paragraph 104. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

105.    Defendants deny the allegations in the first and last sentences of paragraph 105. The remaining allegations in paragraph 105 purport to characterize an agreement, the terms of which speak for themselves, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 105.

106.    The allegations in paragraph 106 are legal argument, and therefore no response is required. To the extent a response is required, the allegations are overbroad, generic, non-specific, hypothetical, and vague and Defendants deny on that basis.

107.    Defendants lack sufficient information to admit or deny the allegations in paragraph 107 and thus deny on that basis.

108.    Defendants deny the allegations in the first sentence of paragraph 108. The remaining allegations in paragraph 108 attempt to characterize/quote a purported EPA publication,

which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 108.

109.    Plaintiffs attempt to characterize a purported statute, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 109. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    The allegations in paragraph 115 constitute legal argument and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 115.

116.    Plaintiffs attempt to characterize a purported EPA document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 116.

117.    Plaintiffs attempt to characterize a purported document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 117 and thus deny on that basis.

118.    Plaintiffs attempt to characterize a purported document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient

information to admit or deny the allegations in paragraph 118 and thus deny on that basis.

119.    Plaintiffs attempt to characterize a purported report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 119 and thus deny on that basis.

120.    Plaintiffs attempt to characterize/quote a purported report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 120 and thus deny on that basis.

121.    Plaintiffs attempt to characterize a purported report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 121 and thus deny on that basis.

122.    Plaintiffs attempt to characterize a purported presentation, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 122 and thus deny on that basis.

123.    Plaintiffs attempt to characterize a purported report, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 123 and thus deny on that basis.

124.    Defendants deny the allegations in paragraph 124. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs, has no meaning without context as to the nature and extent of exposure and dose.

125.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of paragraph 125 and thus deny on that basis. Defendants deny the remaining allegations

in paragraph 125.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations in paragraph 128 and further deny the allegations as conclusions of law.

129.    Defendants deny the allegations in paragraph 129.

## COUNT I
## STRICT LIABILITY - DESIGN DEFECT

130.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

131.    Defendants specifically deny the allegations in paragraph 131 and deny the allegations as conclusions of law.

132.    Defendants specifically deny the allegations in paragraph 132 and deny the allegations as conclusions of law.

133.    Defendants specifically deny the allegations in paragraph 133 and deny the allegations as conclusions of law.

134.    Defendants specifically deny the allegations in paragraph 134 and deny the allegations as conclusions of law.

135.    Defendants specifically deny the allegations in paragraph 135, inclusive of subparts a. through h. and deny the allegations as conclusions of law.

136.    Defendants specifically deny the allegations in paragraph 136 and deny the allegations as conclusions of law.

137.    Defendants specifically deny the allegations in paragraph 137 and deny the allegations as conclusions of law.

138.    Defendants specifically deny the allegations in paragraph 138 and deny the allegations as conclusions of law.

139.    Defendants specifically deny the allegations in paragraph 139 and deny the allegations as conclusions of law.

140.    Defendants specifically deny the allegations in paragraph 140 and deny the allegations as conclusions of law.

141.    Defendants specifically deny the allegations in paragraph 141 and deny the allegations as conclusions of law.

142.    Defendants specifically deny the allegations in paragraph 142 and deny the allegations as conclusions of law.

143.    Defendants specifically deny the allegations in paragraph 143 and deny the allegations as conclusions of law.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

144.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

145.    Defendants specifically deny the allegations in paragraph 145 and deny the allegations as conclusions of law.

146.    Defendants specifically deny the allegations in paragraph 146 and deny the allegations as conclusions of law.

147.    Defendants specifically deny the allegations in paragraph 147 and deny the allegations as conclusions of law.

148.    Defendants specifically deny the allegations in paragraph 148 and deny the allegations as conclusions of law.

149.    Defendants specifically deny the allegations in paragraph 149, inclusive of subparts a. through h., and deny the allegations as conclusions of law.

150.    Defendants specifically deny the allegations in paragraph 150 and deny the allegations as conclusions of law.

151.    Defendants specifically deny the allegations in paragraph 151 and deny the allegations as conclusions of law.

152.    Defendants specifically deny the allegations in paragraph 152 and deny the allegations as conclusions of law.

153.    Defendants specifically deny the allegations in paragraph 153 and deny the allegations as conclusions of law.

154.    Defendants specifically deny the allegations in paragraph 154 and deny the allegations as conclusions of law.

155.    Defendants specifically deny the allegations in paragraph 155 and deny the allegations as conclusions of law.

156.    Defendants specifically deny the allegations in paragraph 156 and deny the allegations as conclusions of law.

157.    Defendants specifically deny the allegations in paragraph 157 and deny the allegations as conclusions of law.

158.    Defendants specifically deny the allegations in paragraph 158 and deny the allegations as conclusions of law.

159.    Defendants specifically deny the allegations in paragraph 159 and deny the allegations as conclusions of law.

160.    Defendants specifically deny the allegations in paragraph 160 and deny the allegations as conclusions of law.

161.    Defendants specifically deny the allegations in paragraph 161 and deny the allegations as conclusions of law.

## COUNT III
## NEGLIGENCE

162.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

163.    Defendants specifically deny the allegations in paragraph 163 and deny the allegations as conclusions of law.

164.    Defendants specifically deny the allegations in paragraph 164 and deny the allegations as conclusions of law.

165.    Defendants specifically deny the allegations in paragraph 165 and deny the allegations as conclusions of law.

166.    Defendants specifically deny the allegations in paragraph 166, inclusive of subparts a. through g., and deny the allegations as conclusions of law.

167.    Defendants specifically deny the allegations in paragraph 167 and deny the allegations as conclusions of law.

168.    Defendants specifically deny the allegations in paragraph 168 and deny the allegations as conclusions of law.

## COUNT IV
## FAILURE TO WARN

169.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

170.    Defendants specifically deny the allegations in paragraph 170 and deny the allegations as conclusions of law.

171.    Defendants specifically deny the allegations in paragraph 171 and deny the allegations as conclusions of law.

172.    Defendants specifically deny the allegations in paragraph 172 and deny the allegations as conclusions of law.

173.    Defendants specifically deny the allegations in paragraph 173 and deny the allegations as conclusions of law.

174.    Defendants specifically deny the allegations in paragraph 174 and deny the allegations as conclusions of law.

175.    Defendants specifically deny the allegations in paragraph 175 and deny the allegations as conclusions of law.

176.    Defendants specifically deny the allegations in paragraph 176, inclusive of subparts a. through g., and deny the allegations as conclusions of law.

177.    Defendants specifically deny the allegations in paragraph 177 and deny the allegations as conclusions of law.

178.    Defendants specifically deny the allegations in paragraph 178 and deny the allegations as conclusions of law.

## COUNT V
## MISREPRESENTATION

179.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

180.    Defendants specifically deny the allegations in paragraph 180 and deny the allegations as conclusions of law.

181.    Defendants specifically deny the allegations in paragraph 181 and deny the allegations as conclusions of law.

182.    Defendants specifically deny the allegations in paragraph 182, inclusive of subparts a. through e., and deny the allegations as conclusions of law.

183.    Defendants specifically deny the allegations in paragraph 183 and deny the allegations as conclusions of law.

## COUNT VI
## LOSS OF CONSORTIUM

184.    Defendants reassert their responses to the foregoing paragraphs as if set forth fully herein.

185.    Defendants lack sufficient information to admit or deny the allegations in paragraph 185 and thus deny on that basis.

186.    Defendants specifically deny the allegations in paragraph 186 and deny the allegations as conclusions of law.

187.    Defendants specifically deny the allegations in paragraph 187 and deny the allegations as conclusions of law.

## CLAIMS FOR RELIEF

Defendants deny each and every allegation and prayer for relief contained in subparts A. through J.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendants in this matter. Defendants, therefore, assert said defenses in order to preserve the right to assert them. By asserting the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect

to any of these matters. Upon completion of discovery, and if the facts warrant, Defendants may withdraw any of these defenses as may be appropriate. Further, Defendants reserve the right to amend their Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.

FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and/or by the doctrine of laches and/or by the statute of repose.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged claims fail to state a claim upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were not reasonably foreseeable at the relevant times of manufacture.

FOURTH AFFIRMATIVE DEFENSE

Any alleged acts or omissions by Defendants were not a substantial factor in bringing about the alleged injuries and damages for which Plaintiffs seek recovery.

FIFTH AFFIRMATIVE DEFENSE

The damages alleged are impermissibly remote and speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, collateral estoppel, res judicata, consent, and/or discharge.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate and/or use reasonable care to minimize or mitigate their alleged damages.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

On information and belief, any injuries allegedly sustained by Plaintiffs were directly and proximately caused, if at all, by the intervening or superseding cause and/or comparative fault of third parties (including, without limitation, non-parties to this action) for whom Defendants bear no responsibility and for which Defendants are not liable. Moreover, the acts and omissions of Plaintiffs or of other parties or non-parties, and not Defendants, constitute new and independent causes of any alleged damages to Plaintiffs sufficient to prevent a finding a proximate cause against Defendants.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, were caused solely, partially, or proximately by the actions, omissions, representations, misrepresentations, negligence, or breach of duty of other persons, firms, or corporations that Defendants did not and do not control and for whom Defendants are not responsible or liable.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced based on Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault and/or assumption of the risk (either primary and/or secondary). Defendants deny liability, but if liability is assessed to any Defendant, then Defendants pray for a determination and apportionment of fault among Plaintiffs, Defendants, and other persons or entities who may or may not be parties

at the time this cause is submitted to a jury or trier of fact and who caused or contributed to cause any alleged injuries or damages claimed by Plaintiffs herein.

ELEVENTH AFFIRMATIVE DEFENSE

If Defendants are liable to Plaintiffs under the allegations set forth in the Complaint, which Defendants deny, then Defendants are entitled to an apportionment of fault determination by the Court or jury as to all other parties, non-parties, persons or entities for any settlement or judgment. Defendants further request a judgment or declaration of indemnification and contribution against all such other parties, non-parties, persons or entities in accordance with the apportionment of fault.

TWELFTH AFFIRMATIVE DEFENSE

Old Monsanto's conduct (for which Plaintiffs seek to hold Defendants liable) was at all relevant times in conformity with the generally recognized state of scientific, medical and technological knowledge (state of the art) that existed at the time that it prepared, issued and distributed its safe-handling and warning materials for the PCBs and PCB products allegedly at issue in this litigation. Further, Old Monsanto's conduct was at all times in conformity with the state of the art existing at the time that the PCBs and/or PCB products allegedly at issue herein were designed, manufactured, tested, packaged, labeled, sold or distributed by Old Monsanto. Old Monsanto's conduct and activities, including its warnings, were reasonable, prudent and common in the industry and met the applicable standards.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendants obtained all permits and licenses required by law and acted with due care and in accordance with federal, state and local laws and regulations in effect at the time of any alleged acts or omissions. Retroactive application of statutes, regulations and/or case law to any alleged

acts or omissions by Defendants is barred and/or violates the United States Constitution and the Vermont Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and purported causes of action are barred in whole or in part by the risk/utility doctrine. If it is determined that there was a risk inherent in the use of PCBs or any other chemical or material manufactured, marketed, or sold by Defendants, then such risks were outweighed by the benefits of PCBs or any other product of Defendants allegedly at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' PCB products at issue, if any, were independently and materially changed, altered, and modified by others, over whom Defendants had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the "sophisticated user," "raw material supplier," "bulk supplier" and/or "learned intermediary" defenses. Defendants' PCB products at issue in Plaintiffs' Complaint, if any, were sold in bulk to knowledgeable, learned, and sophisticated intermediaries who were at least as knowledgeable as Defendants regarding the risks and hazards, if any, associated with the use and disposal of such products and were in the best position to convey appropriate use, handling, and precautionary information and other warnings.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged claims are barred by the United States Constitution and the Vermont Constitution to the extent they would deprive Defendants of due process or the equal protection of the laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, if granted, would be grossly excessive and would violate the United States Constitution and the Vermont Constitution (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution), and decisional law from the United States and Vermont Courts. Defendants have not received fair notice that they could be subject to substantial punitive damages for the conduct alleged.  And Defendants' conduct was not malicious, wanton, or deliberate. The punitive damages sought by Plaintiffs would be greatly disproportionate to alleged actual damages and would far exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, if granted, would violate the United States Constitution and the Vermont Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution), and decisional law from the United States and Vermont Courts, because Plaintiffs would seek to impose an excessive fine upon the Defendants, punitive damages are penal in nature, not permitted by federal or state law, and Plaintiffs would seek to punish the Defendants upon unconstitutionally vague standards.

## TWENTIETH AFFIRMATIVE DEFENSE

The conduct and/or acts of Defendants as alleged in the Complaint were not and are not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of Plaintiffs and/or the safety of the public. Nor do any of the conduct and/or acts of Defendants as alleged in the Complaint demonstrate that Defendants acted with a high degree of moral culpability. In fact, Defendants exercised reasonable care at all times alleged in the Complaint and Plaintiffs have failed to clearly establish any entitlement to punitive damages based on these

allegations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The United States and Vermont Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution), and decisional law from the United States and Vermont Courts, prohibit an award of punitive damages in this case, where Plaintiffs impermissibly seek to hold liable for punitive damages entities that did not exist during the period when the alleged tortious acts and omissions of Old Monsanto were made between 1935 and 1977.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If Defendants are liable to Plaintiffs under the allegations set forth in the Complaint, which Defendants deny, then Defendants' liability is limited to Defendants' fair, equitable, and proportionate share of the costs incurred by Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to an offset against any liability for monies that Plaintiffs have recovered and/or will recover in the future from other sources.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged claims are barred, in whole or in part to the extent Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to, the alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are barred or reduced by the extent to which the fault for such injuries is attributable to Plaintiffs' employer(s), or the extent to which employers have compensated Plaintiffs for such damages.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of Defendants' PCB products, the Defendants at all times discharged any duty to warn through appropriate and adequate warnings.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants did not control the premises at issue to the extent necessary to make Defendants liable as alleged by Plaintiffs.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants owed no legal duty to Plaintiffs or, if Defendants owed a legal duty, Defendants did not breach any such duty.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Conduct is not to be determined by hindsight nor by what a party subsequently learns. At all relevant times, Old Monsanto had no knowledge, either actual or constructive, and had no reason to know of alleged propensities, if any, of the materials identified in Plaintiffs' Complaint, to cause or contribute to any alleged injury or damage to property or to any illnesses of any type, and could not have acquired such knowledge by the application of reasonable, developed human skill and foresight.

THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred because Plaintiffs did not rely upon any act, omission, or representation made by the Defendants.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were not reasonably foreseeable at the relevant times of manufacture.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law, including, without limitation, the Toxic Substances Control Act (TSCA); the Federal Food, Drug, and Cosmetic Act (FDCA); and all their predecessors and amendments; and any other applicable statutes and/or federal law. Specifically, Plaintiffs' claims are preempted under Article VI of the United States Constitution, by TSCA's express preemption provision 15 U.S.C. § 2617(a)(2)(B), FDCA's provision 21 U.S.C. § 346, related statutory provisions, and federal regulations implementing those laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants conformed to and performed any and all obligations imposed by applicable statutes, regulations, permits, and industry standards to the full extent of their responsibilities.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable for any acts or omissions undertaken by or at the direction of federal, state, or local authority, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards to the full extent of their liability.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Old Monsanto's PCBs at the time were reasonably safe given their intended uses and it was not reasonably feasible to design PCBs in a safer manner.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the failure to join indispensable parties.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any alleged injury or disease, in whole or in part, is the result of preexisting, subsequent, or unrelated medical, genetic, or environmental conditions, diseases, or illnesses, or from natural

causes, or from an unforeseen idiosyncratic reaction or susceptibility peculiar to that Plaintiff and not the occurrences alleged in the Complaint.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Old Monsanto sold PCBs in bulk for use as a component by sophisticated formulators and other assemblers of products sold to end-users. As a component part maker, Old Monsanto did not owe any duty to warn end-users of the products put into the stream of commerce by formulators and assemblers.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiffs for the manufacturing activities of other manufacturers and for any costs incurred by Plaintiffs for products or chemicals not produced by Defendants.

FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Monsanto Company or Solutia Inc. because the entities are not current or former manufacturers of PCBs.

FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants' alleged acts or omissions are too remote in time to constitute a proximate cause of Plaintiffs' alleged injuries.

RIGHT TO ASSERT ADDITIONAL DEFENSES

Plaintiffs' Complaint does not describe the claims or events with sufficient particularity to permit Defendants to ascertain what other defenses may exist, and Defendants presently have insufficient knowledge or information to form a belief as to whether they have additional, as yet unstated, defenses available to them. Defendants therefore reserve the right to assert all defenses that may pertain to Plaintiffs' Complaint once the precise nature of Plaintiffs' claims is ascertained.

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury of any and all claims and issues triable of right by jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, for an allocation of fault between all persons and entities, if any, found to be at fault in this case, for Defendants' costs and attorneys' fees to the fullest extent possible, and for such other and further relief as the Court may deem just and proper.

Dated: January 16, 2025                    Respectfully submitted,


By:    */s/ Ian P. Carleton*_____
        Ian P. Carleton, Esq.
        Devin T. McKnight, Esq.
        Alexandrea L. Nelson, Esq.
        Hannah C. Waite, Esq.
        **SHEEHEY FURLONG & BEHM P.C.**
        30 Main Street, 6th Floor, PO Box 66
        Burlington, VT 05402-0066
        (802) 864-9891
        icarleton@sheeheyvt.com
        dmcknight@sheeheyvt.com
        anelson@sheeheyvt.com
        hwaite@sheeheyvt.com

        Kimberly B. Martin, Esq. (*pro hac vice* pending)
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        200 Clinton Avenue West, Suite 900
        Huntsville, AL 35801
        (256) 517-5155
        kmartin@bradley.com

Andrew B. Johnson, Esq. (admitted *pro hac vice*)
Stanley E. Blackmon, Esq. (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8295
ajohnson@bradley.com
sblackmon@bradley.com


Brooke E. Sgambati, Esq. (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
615-252-2258
bsgambati@bradley.com


*Attorneys for Defendants*